IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LONDON


TRAVIS R. EARL                                              PLAINTIFF
16398 Hwy 196
Nancy, Kentucky 42544


                                          Case No. _____


v.                                        Judge_____


WELLS FARGO BANK, N.A. D/B/A                                DEFENDANTS
WELLS FARGO DEALER SERVICES
464 California Street
San Francisco, California 94104

        SERVE:      Corporation Service Company
                    421 West Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)


AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:      The Prentice Hall Corporation System
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

** ** ** **

<strong><u>VERIFIED COMPLAINT</u></strong>

Comes the Plaintiff, Travis R. Earl, and for his Verified Complaint against the Defendants, Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. <u>PRELIMINARY STATEMENT</u>

    1.    This is an action for defamation, negligence, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 <u>et seq.</u>, against the Defendants, Wells Fargo, Equifax, Trans Union, and Experian.  Arising out of Defendants' false reporting of an alleged past due

2

automobile loan debt, and Defendants' failure to investigate Plaintiffs disputes regarding that debt.

## II. PARTIES

2.      Plaintiff, Travis R. Earl, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 16398 Hwy 196, Nancy, Kentucky 42544.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Wells Fargo, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 464 California Street, San Francisco, California 94104.

5.      Wells Fargo is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Trans Union is regularly engaged in the business of assembling, evaluating and

dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III.  JURISDICTION

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1337; and (3) because the transactions and occurrences giving rise to this action occurred in Pulaski County, Kentucky as a result of the Defendants' doing business in Pulaski County, Kentucky.

## IV.  FACTUAL BACKGROUND

16.     In or around June 2016, Plaintiff opened a credit account with Wells Fargo for the purchase of an automobile.

17.     In or around April 2017, Plaintiff was in a car accident resulting in the total loss of the vehicle Plaintiff purchased through Wells Fargo.  Soon after the automobile accident, Plaintiff's insurer, USAA, paid the $33,962.70 of the balance due on Plaintiff's automobile loan directly to Wells Fargo and his GAP insurance paid the remaining $6,000.00.

18.     In July 2017, Plaintiff accessed his Equifax, Trans Union and Experian credit reports while in the process of seeking home mortgage financing.

19.     In accessing his Equifax, Trans Union and Experian credit reports, Plaintiff discovered a derogatory tradeline furnished by Wells Fargo stating that Plaintiff owed a past due balance of $43,833.00 on the account.

20.     Upon his discovery of the Wells Fargo tradeline, Plaintiff immediately filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the tradeline.  As stated above, the Wells Fargo account has been paid in full.

21.     In addition, upon his discovery of the false and derogatory Wells Fargo tradeline, Plaintiff contacted Wells Fargo by telephone to dispute the alleged debt.  During that telephone call, the Wells Fargo employee who spoke with Plaintiff advised Plaintiff that Plaintiff actually owed approximately $2,000.00 on the Wells Fargo account, not the $43,833.00 Wells Fargo furnished to the credit bureaus as the Plaintiff's alleged past due amount.  Also during that telephone call, Plaintiff requested an itemization of the alleged $2,000.00 debt but the Wells Fargo employee refused to provide same to Plaintiff.  Finally, Plaintiff requested during the telephone call that Wells Fargo amend the tradeline to show the alleged $2,000.00 past due amount.  The Wells Fargo employee, however, refused to so amend Wells Fargo's tradeline and, in fact, advised Plaintiff that Wells Fargo would continue to report a past due balance of $43,8333.00 until Plaintiff paid the alleged $2,000.00 debt.

22.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Wells Fargo of the disputes at or within five (5) days of Equifax, Trans Union and Experian receiving notice of the disputes from Plaintiff.

23.     Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, the Wells Fargo, Equifax, Trans Union and Experian failed to remove the disputed item from Plaintiff's Equifax, Trans Union and Experian credit reports.

24.     Upon information and belief, Wells Fargo, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following the Defendants' receipt of Plaintiff's disputes.  Trans Union and Experian, in fact, verified the accuracy of the false and derogatory Wells Fargo tradeline, while Equifax failed to investigate the accuracy of the tradeline at all; the Wells Fargo tradeline continues to report on Plaintiff's Equifax credit report.

25.     Wells Fargo's, Equifax's, Trans Union's, and Experian's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of and failure to investigate Plaintiff's disputes of the Wells Fargo account.  In addition, Plaintiff has suffered embarrassment, humiliation and emotional distress as a result of the Wells Fargo's, Equifax's, Trans Union's, and Experian's failure to investigate Plaintiff's disputes and their false reporting of Wells Fargo tradeline.

## V. CLAIMS

### Negligence – Wells Fargo

26.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the subject account were negligent under applicable law.

28.     In failing to investigate Plaintiff's disputes and in falsely reporting the subject account, Wells Fargo breached its duties to Plaintiff to reasonably investigate credit reporting disputes and to report accurate information regarding Plaintiff's credit history and acted with

conscious disregard for Plaintiff's rights.

29.    Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the subject account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

30.    Wells Fargo's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the subject account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

31.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.    Trans Union's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.

33.    In failing to investigate Plaintiff's dispute and in failing to remove the alleged past due account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

34.    Trans Union's negligent failure to investigate Plaintiff's disputes and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35.    Trans Union's failure to investigate Plaintiff's dispute and its failure to remove

Wells Fargo's false reporting of the subject account from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

36.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.     Experian's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian of the falsity of the report, was negligent.

38.     In failing to investigate Plaintiff's dispute and in failing to remove the alleged past due account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

39.     Experian's negligent failure to investigate Plaintiff's disputes and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40.     Experian's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

41.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 40 as if fully set forth herein.

42.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

43.     In failing to investigate Plaintiff's dispute and in failing to remove the alleged past due account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

44.     Equifax's negligent failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

45.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove Wells Fargo's false reporting of the subject account from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – Wells Fargo**

46.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     Wells Fargo, with knowledge of the falsity of its statements, has published and continues to publish false statements to others, including, but not limited to Equifax, Trans Union and Experian, concerning the alleged past due status of the subject account.  Wells Fargo's

statements were false and were made with conscious disregard for the rights of the Plaintiff.

48.     Well Fargo's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's credit account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

49.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that the Wells Fargo account is past due.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due status of the Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

52.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that the Wells Fargo account is past due.  Experian's statements were false and were made with

conscious disregard for the rights of the Plaintiff.

54.    Experian's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due status of the Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

55.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.    Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells Fargo and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that the Wells Fargo account is past due.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

57.    Equifax's publication of false statements regarding Plaintiff's creditworthiness and the alleged late payments on the Wells Fargo account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Wells Fargo

58.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.    Wells Fargo's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union and Experian concerning the subject account are violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C.

§1681s-2(a) and (b).

60.     Wells Fargo's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

61.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove or amend the disputed Wells Fargo tradeline, despite Trans Union's knowledge of the falsity of the disputed item, are violations of Trans Union's duties to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed Wells Fargo tradeline within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

65.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.    Experian's failure to investigate Plaintiff's dispute and its failure to remove or amend the disputed Wells Fargo tradeline, despite Experian's knowledge of the falsity of the disputed item, are violations of Experian's duties to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.    Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed Wells Fargo tradeline within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68.    Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

69.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.    Equifax's failure to investigate Plaintiff's dispute and its failure to remove or amend the disputed Wells Fargo tradeline, despite Equifax's knowledge of the falsity of the disputed item, are violations of Equifax's duties to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed

Wells Fargo tradeline within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

72.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Wells Fargo

73.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Wells Fargo's failure to investigate Plaintiff's disputes and its initial and continuing false reporting concerning the subject account, despite Wells Fargo's knowledge of the falsity of its reporting, are willful violations of Wells Fargo's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

75.     Given Wells Fargo's knowledge of the falsity of its reporting, Wells Fargo's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Wells Fargo is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Trans Union

76.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove false information concerning the Wells Fargo account from Plaintiff's Trans Union credit report, despite Trans Union's knowledge of the falsity of the disputed item, are willful violations of Trans

Union's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

80.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81.     Experian's failure to investigate the Plaintiff's dispute and its failure to remove false information concerning the Wells Fargo account from Plaintiff's Experian credit report, despite Experian's knowledge of the falsity of the disputed item, are willful violations of Experian's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

83.     Experian's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

84.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85.     Equifax's failure to investigate the Plaintiff's dispute and its failure to remove false information concerning the Wells Fargo account from Plaintiff's Equifax credit report, despite Equifax's knowledge of the falsity of the disputed item, are willful violations of Equifax's duties to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duties regarding investigation of disputed items under 15 U.S.C. §1681i.

86.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

87.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Travis R. Earl, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY 40202
(Tel) 502-443-1060
(Fax) 502-589-3004
hemmingerlawoffice@gmail.com

## VERIFICATION

I, Travis R. Earl, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Travis R. Earl

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF PULASKI           )

Subscribed, sworn to and acknowledged before me by Travis R. Earl this *31* day of

*October*_____, 2017.

_____
Notary Public

Commission expires: *March 28, 2018*_____

**Notary Public, State at Large, KY**
**My Commission Expires Mar. 28, 2018**

18